UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UMG RECORDINGS, INC., a
Delaware corporation; ELEKTRA
ENTERTAINMENT GROUP, INC.,
a Delaware Corporation; ARISTA
RECORDS, LLC, a Delaware limited
liability company; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; BMG MUSIC, a New York
general partnership; and ZOMBA
RECORDING, LLC, a Delaware limited
liability company,

  Plaintiffs,           CASE NO. 08-CV-10297

v.               DISTRICT JUDGE THOMAS LUDINGTON
                MAGISTRATE JUDGE CHARLES E. BINDER

KELLY BARNARD,

  Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(a)(2) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

I.  **RECOMMENDATION**

  **IT IS RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## II. REPORT

### A. Procedural Background

Plaintiffs filed the instant complaint for copyright infringement on January 22, 2008. (Dkt. 1.) Defendant, acting *pro se*, filed an answer, in the form of a letter, on February 5, 2008. The case was referred by U.S. District Judge Thomas L. Ludington to the undersigned Magistrate Judge for general case management on February 8, 2008. (Dkt. 5.) On February 25, 2008, Plaintiffs filed the above-referenced motion to dismiss without prejudice under FED. R. CIV. P. 41(a). (Dkt. 8.) Plaintiffs also ask that the dismissal be "without prejudice with each party to bear its own fees and costs." (*Id.* ¶ 2.) Plaintiffs state that although they attempted to contact Defendant regarding the filing of this motion, "Defendant's telephone number has been disconnected." (*Id.* at 2, ¶ 2.)

### B. Discussion

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after an answer has been served, unless the parties stipulate, an action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Courts abuse their discretion in granting a Rule 41(a)(2) dismissal without prejudice "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lily and Co.*, 33 F.3d 716, 718 (6th Cir. 1994), *citing Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). In determining whether a defendant would suffer "plain legal prejudice," a court should consider such factors as the "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action,

insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718.

I suggest that Defendant has not been burdened with effort or expense in preparation for trial since this case has only progressed to the point of an initial scheduling conference which has not been held due to the filing of this motion. I further suggest that there has been no delay or lack of diligence on the part of the Plaintiffs. Since Defendant has proceeded *in propria persona,* she has not incurred any attorney fee expenses or other costs. Consequently, I suggest that Plaintiffs' suggestion not to award costs or fees to either party is appropriate. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 481 F.3d 926, 931 (6th Cir. 2007)(remanding to allow court to explain reason for denying request for terms and conditions while noting that Rule 41(a)(2) is not a "fee-shifting statute like § 505 of the Copyright Act, to which the factors set forth in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994), apply."). I therefore suggest that Plaintiffs' motion to dismiss pursuant to Rule 41(a)(2) should be granted.

### III. <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*,

474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                    s/ *Charles E Binder*
                                                   CHARLES E. BINDER
Dated: February 29, 2008                  United States Magistrate Judge

### **CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Jason R. Gourley, and on Kelly Barnard by first class mail.

    Date: February 29, 2008        By    s/Patricia T. Morris
                                                              Law Clerk to Magistrate Judge Binder